IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN J. PERRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APOLLO GROUP, INC., an Arizona for )<br>profit Corporation, d/b/a THE UNIVERSITY )<br>OF PHOENIX, INC., a foreign for profit )<br>business corporation, )<br>)<br>Defendant. ) | Case No. CIV-10-955-L |

## **O R D E R**

This matter is before the court on the Motion to Vacate Arbitration Award & Request for Re-Hearing filed by plaintiff Karen J. Perry pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 **[Doc. No. 25]** (the "motion"). Plaintiff seeks to vacate the arbitration award on the following grounds: (1) there was evident partiality in the arbitrator; (2) the arbitrator exceeded his powers resulting in substantial prejudice to plaintiff; and (3) the rights of plaintiff were substantially prejudiced by the arbitrator's behavior. Defendant Apollo Group, Inc. filed its Objection and Response to the motion. The court file reflects that plaintiff did not file a reply brief within the time limits provided in the court's local rules. Upon thorough review of the submissions of the parties, and upon consideration of the facts and the applicable standard for vacating an arbitration award, the court finds that the motion must be denied.

Section 10 of the FAA provides that upon the application of any party the court may vacate the arbitration award: (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption in the arbitrator; (3) where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrator exceeded his power, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Plaintiff's motion alleges grounds identified in subparagraphs 2, 3, and 4 of § 10.

In <u>Bowen v. Amoco Pipeline Company</u>, 254 F.3d 925, 932 (10th Cir. 2001), the Tenth Circuit stated the appropriate standard of review for courts considering a motion to vacate an arbitration award under § 10 of the FAA:

> [R]eview of the [arbitrator's] decision under the FAA is strictly limited; this highly deferential standard has been described as "among the narrowest known to the law." *ARW Exploration Corp. [v. Aguirre]*, 45 F.3d [1455,] 1462 [(10th Cir. 1995)] (internal quotation marks omitted). In consenting to arbitration, "'a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). We employ this limited standard of review and exercise caution in setting aside arbitration awards because one "purpose behind arbitration agreements is to avoid the expense and delay of court proceedings." *Foster [v. Turley]*, 808 F.2d [38,] 42 [(10th Cir. 1986)]. A court may not, therefore, independently judge an arbitration

award. *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982).

Mindful of the strong federal policy favoring arbitration, a court may grant a motion to vacate an arbitration award only in the limited circumstances provided in § 10 of the FAA, 9 U.S.C. § 10, or in accordance with a few judicially created exceptions.[1] *Denver & Rio Grande W. R. R. Co.*, 119 F. 3d [847,] 849 [(10th Cir. 1997)]. . . .

The arbitration hearing was conducted in this matter on September 26 & 27, 2011 by retired Judge Thomas R. Brett, the arbitrator. Keeping the highly deferential standard of review in mind, the court has carefully considered the excerpts from the transcript of the arbitration proceedings, attached as exhibits to the parties' briefs. The court has also examined Judge Brett's Findings of Fact and Conclusions of Law and Decision dated October 14, 2011, which both parties have also attached as exhibits.

The court considers plaintiffs' first argument for vacating the arbitration award, namely that "there was evident partiality in the arbitrator." Doc. No. 25, p. 4. Plaintiff argues in the motion that "[t]hroughout the Arbitration proceedings, the Arbitrator displayed partiality on behalf of the Defendants resulting in Plaintiff receiving a less than fair and impartial hearing." Id. As an example of Judge Brett's alleged partiality towards defendant, plaintiff states that "during Defendant's closing argument, the Arbitrator showed apparent bias towards Defendant [sic] by recommending that Defendant make certain arguments in its

---

[1] Plaintiff does not rely on any judicially created exceptions in her motion to vacate, so these theories of relief need not be addressed by the court.

Post-trial brief that would be persuasive to the Arbitrator." Id.  Plaintiff provides the following exchange between the arbitrator and defendant's counsel, Mr. Jones, to support her argument:

> THE ARBITRATOR: You made the statement that this decision to hire Ms. Perry is "not idiosyncratic beyond all reason." Is that language from some case authority or is that - -
> MR. JONES: Yes.
> THE ARBITRATOR: Is that Jones on the subject?
> MR. JONES: Yeah, a Prosser on Torts.  No, it's from a case.  And what it talks about is arbitrators and courts don't sit as super HR departments second guessing personnel decisions.
> THE ARBITRATOR: What case are you referring to?  Do I have it in the record - -
> MR. JONES: Let's see.
> THE ARBITRATOR:  - - already?
> MR JONES: It might be in my pretrial brief, but let me - - let me see.
> THE ARBITRATOR: Well, don't worry about it now.  But in your filing brief, if you've got any such language, why point that out in your legal authority, if you will. . . .

Transcript, p. 655 lines 10-24 through p. 655, lines 1-6.  Doc. No. 25-1.

Plaintiff claims that this "obvious act of impartiality [sic] paralleled with an obvious demeanor of favoritism, which Plaintiff cannot articulate here, resulted in a decision for Defendants which turned the notions of 'fundamental fairness' on its head." Doc. No. 25, p. 5.

The court cannot meaningfully review an allegation of partiality which cannot be articulated by the plaintiff.  The court has nevertheless searched the record of the arbitration proceedings provided to determine if it reveals conduct

that might suggest that Judge Brett was biased in favor of defendant or against the plaintiff.  Upon review, the court does not find that the record reasonably suggests or demonstrates evident partiality in favor of defendant to the prejudice of the plaintiff on the part of Judge Brett.  "[E]vidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." Ormsbee, 668 F. 2d at 1147.  As for the sole specific example of alleged partiality provided by plaintiff, the court finds that this falls far short of being sufficient to justify an order vacating the arbitration award on the grounds of evident partiality.  Asking an attorney to provide authority to the court is a routine matter; there is nothing in the colloquy provided by plaintiff to suggest that Judge Brett's request for a case citation was anything out of the ordinary.  The fundamental fairness of the proceedings was not affected by evident partiality on the part of the arbitrator.  Particularly given the highly deferential standard of review, the court finds that this "example" of partiality fails to justify the relief requested by plaintiff.

     Turning to plaintiff's next argument for vacating the arbitration award, the court finds that it is also insufficient.  Plaintiff asserts that Judge Brett exceeded his powers resulting in substantial prejudice caused by his behavior.  Plaintiff asserts, and the record reflects, that at the conclusion of the testimony of witnesses, but before closing arguments, the parties and Judge Brett discussed the deadlines for completion of the transcript and the submission of post-hearing

filings, including any revised proposed findings of facts and conclusions of law and post-trial briefs.

The parties submitted their amended proposed findings of facts and conclusions of law as agreed. However, before the deadlines for the other filings had occurred, Judge Brett delivered his "Findings of Fact and Conclusions of Law" and "Decision" dated October 14, 2011. The arbitrator's decision was in favor of defendant and against plaintiff on all claims. At the time of the final decision, the transcript of the proceedings had not been prepared and delivered to the parties or the arbitrator. In addition, according to plaintiff, "the Arbitrator's decision was rendered a month early and failed to take into consideration argument and legal authority of the parties as the deadline for submission of the post-trial briefs was still a couple of weeks away." Motion, Doc. No. 25, p. 6. Plaintiff asserts that "[w]ithout the transcript and the parties' legal arguments, [she] is unclear what the Arbitrator considered in making its ruling." Id.

The court finds that plaintiff's criticism of the timing of Judge Brett's decision does not properly fall under § 10(a)(4), which allows the vacation of an arbitration award where the arbitrator has exceeded his powers. The Supreme Court has explained that "[t]he question under [§ 10(a)(4)] is 'whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue.'" Stolt-Nielsen S.A. v. AnimalFeeds International Corp., – U.S. – , 130

S.Ct. 1758, 1780 (2010) (citing <u>DiRussa v. Dean Witter Reynolds, Inc.</u>, 121 F.3d 818, 824 (2d Cir. 1997); <u>Comprehensive Accounting Corp. v. Rudell</u>, 760 F.2d 138, 140 (7th Cir. 1985)).

In <u>Valentino v. Smith</u>, 1992 WL 427881, *5 (W.D. Okla.), the court noted that § 10(a)(4),

> . . . has been interpreted as occurring when an arbitrator rules on matters outside of his proper consideration.  *J.A. Jones Constr. Co. v. Flakt, Inc.*, 731 F. Supp. 1061, 1064 (N.D. Ga. 1990).  *See also Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 62 (3d Cir. 1986) (arbitrators do not exceed their powers unless they rule on a question not put before them); *Raytheon Co. v. Computer Distrib. Inc.*, 632 F. Supp. 553, 558 (D. Mass. 1986) (arbitrators exceed their powers when they render a decision outside of the scope of the issues to be decided).

Here, there is no indication that Judge Brett took it upon himself to rule on matters outside his proper consideration, and plaintiff does not make such a claim.  There is no evidence that Judge Brett exceeded his powers under § 10(a)(4), as that term has been interpreted by the courts.

The court also rejects the notion that Judge Brett exceeded his powers by violating the parties' Agreement to Arbitrate ("Agreement"), attached as Exhibit 3 to the motion, Doc. No. 25.  In asserting that the arbitrator exceeded his powers, plaintiff relies on paragraph 6 of the Agreement entitled "Services to be provided by FedArb."[2]  The Agreement states in part that "FedArb will require the arbitrator

---

[2] FedArb is another name for Federal Arbitration, Inc. The Agreement provides that the parties agreed to arbitrate their dispute under the administration of FedArb.  Agreement, ¶ 1.

selected to serve as the Tribunal to adjudicate the dispute expeditiously, and in accordance with the timetable established by the FedArb Rules or the Parties, which the arbitrator shall have no power to modify." Since this provision does not pertain to the scope of the issues to be decided in the arbitration, the court concludes that violation of this provision, even if proven, would not demonstrate that the arbitrator exceeded his authority within the meaning of § 10(a)(4).

As noted by defendant, <u>both</u> parties were effectively denied the opportunity to file post-hearing briefs. Given the extremely limited standard of review and the absence of prejudice to plaintiff, the court defers to the arbitrator's discretion regarding matters of procedure. The court has reviewed the Findings of Fact and Conclusions of Law and finds that there can be no reasonable basis for plaintiff's claim that, because she was denied the opportunity to submit a post-hearing brief, she is "unclear" as to the basis for the arbitrator's decision. Plaintiff has failed to identify even one factual or legal argument she would have offered in her post-hearing brief that, if allowed, would have likely led to a different result.

Next, the court considers plaintiff's third and final grounds for vacating the arbitration award. Plaintiff asserts that her rights were substantially prejudiced by the arbitrator's behavior. With respect to this point, plaintiff's motion "adopts and relies upon" her previous two arguments, discussed above. For the reasons given above, the court has rejected these arguments. Therefore, to the extent this proposition is based on the preceding arguments, plaintiff's claim that she

was substantially prejudiced by the arbitrator's behavior is also unavailing. Additionally, and significantly, plaintiff has demonstrated no prejudice resulting from either the arbitrator's innocuous request for a citation to authority or the arbitrator's departure from the post-hearing briefing schedule.[3]

In conclusion, for the reasons set forth above, the court finds that there is no basis for vacating the arbitrator's award in this matter. Accordingly, plaintiff's Motion to Vacate Arbitration Award & Request for Re-Hearing **[Doc. No. 25]** should be and is hereby **DENIED.**

It is so ordered this 2nd day of April, 2012.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[3] Having considered the motion on its merits, the court does not address defendant's argument that the motion should be denied because it was untimely under 9 U.S.C. § 12.